UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES PLUNKETT, | No. 2:19-cv-1450 AC P |
| Plaintiff, | |
| v. | ORDER |
| C. PARHAM, et al., | |
| Defendants. | |

    Plaintiff has requested the appointment of counsel. ECF No. 28. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

    "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff asserts that she is unable to afford counsel and has been unable to find an attorney to represent her. ECF No. 28 at 1. She requests counsel on the grounds that the issues are complex, she is not trained in the law, she will likely request expert testimony, and counsel would better enable her to present her case at trial. Id. The circumstances identified by plaintiff are common to most prisoners and plaintiff has thus far shown herself capable of articulating her claims without assistance. Furthermore, any request based on the need for counsel at trial is premature since it has not yet been determined that this case will proceed to trial. For these reasons, plaintiff has not shown the existence of extraordinary circumstances warranting the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel, ECF No. 28, is DENIED.

DATED: December 1, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2