UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES PLUNKETT, | No. 2:19-cv-1450 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| C. PARHAM, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has filed a second request for the appointment of counsel. ECF No. 37. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff once again requests counsel on the grounds that she is unable to afford counsel, has been unable to find an attorney to represent her, is greatly limited in her ability to litigate due to her imprisonment, has limited access to the law library and limited legal knowledge, and will require assistance at trial.  As the court previously found, these circumstances are common to most prisoners, plaintiff has thus far shown herself capable of articulating her claims without assistance, and any request based on the need for counsel at trial is premature.  For these reasons, plaintiff has not demonstrated that extraordinary circumstances warranting the appointment of counsel exist.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 37) is DENIED.

DATED: April 4, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE