UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES PLUNKETT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. PARHAM, et al.,<br><br>　　　　Defendants. | No.  2:19-cv-01450-DC-AC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 57, 62) |

　　　　Plaintiff Charles Plunkett is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On July 17, 2024, the assigned magistrate judge issued findings and recommendations recommending that Defendants' motion for summary judgment (Doc. No. 57) be granted because Defendants' conduct during the clothed pat-down search of Plaintiff on March 31, 2017 and the unclothed visual body cavity search of Plaintiff on September 24, 2018, which were conducted for a legitimate penological purpose of prison safety, did "not rise to the level of a constitutional violation under Ninth Circuit precedent, even if Plaintiff understandably experienced it as humiliating." (Doc. No. 62 at 11.)

　　　　The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.*

1

1   at 18.) After receiving an extension of time in which to do so, on September 16, 2024, Plaintiff
2   filed objections to the pending findings and recommendations. (Doc. No. 66.) On October 11,
3   2024, Defendants filed a response thereto. (Doc. No. 67.)

4       In her[1] objections, Plaintiff merely repeats arguments that she had presented in her
5   opposition to Defendants' motion for summary judgment, and those arguments were already
6   considered and properly rejected in the pending findings and recommendations. (Doc. No. 66.)
7   For example, in her objections, Plaintiff again argues that Defendant Andrade violated her right to
8   be free from sexual harassment when he told her to shake out her bra during the March 31, 2017
9   search, because doing so would cause her breasts to fall out and be exposed for all to see. (*Id.* at
10  2–3.) But as the magistrate judge correctly explained in the findings and recommendations,
11  "requiring an inmate to move their brasserie away from their body as part of a random clothed
12  search is not per se unreasonable," and even if Defendant Andrade told Plaintiff to lift her bra,
13  "an isolated incident requiring Plaintiff to briefly expose her breasts to male officers and other
14  inmates does not rise to the level of a constitutional violation." (Doc. No. 62 at 11.) Plaintiff's
15  objections simply do not provide a basis upon which to reject the findings and recommendations.

16      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, the
17  court has conducted a *de novo* review of this case. Having carefully reviewed the entire file,
18  including Plaintiff's objections and Defendants' response thereto, the court concludes that the
19  findings and recommendations are supported by the record and proper analysis.

20      Accordingly:

21      1.    The findings and recommendations issued on July 17, 2024 (Doc. No. 62) are
22          adopted in full;

23      2.    Defendants' motion for summary judgment (Doc. No. 57) is granted;

24      3.    Judgment shall be entered in favor of Defendants; and

25  /////

---

[1] Plaintiff, a transgender inmate, used she/her pronouns in her opposition to Defendants' motion for summary judgment, leading the magistrate judge to likewise use she/her pronouns for Plaintiff in the findings and recommendations. (Doc. No. 62 at 1–2, n.1.)

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __December 3, 2024__

Dena Coggins
United States District Judge

3